# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACHANCE L. THOMAS,<br><br>    Petitioner,<br><br>    v.<br><br>T. ALLEN,<br><br>    Respondent. | Case No. 1:23-cv-00690-EPG-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE JUDICIAL REMEDIES |

Petitioner Lachance L. Thomas is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.
## BACKGROUND

On December 29, 2022, Petitioner filed the instant federal habeas petition challenging his 2017 Fresno County Superior Court convictions in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) Subsequently, the petition was transferred to the Fresno Division. (ECF No. 11.) Petitioner has moved for stay and abeyance of his petition while his unexhausted claims are pending in state court. (ECF Nos. 7, 14.)

## II.
## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered

1

to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In the petition, Petitioner appears to raise the same claims that were raised on direct appeal to the California Court of Appeal by Petitioner and his codefendant,[1] which include: sufficiency of the evidence regarding the first-degree murder convictions, erroneous admission of hearsay from an investigator and text messages from a cellphone, erroneous admission of irrelevant testimony, failure to instruct on the lesser-included offense of involuntary manslaughter, and erroneous instruction regarding witness identification. (ECF No. 1 at 56–57.) The petition specifically notes that Petitioner's fourth ground for relief is regarding his California Penal Code section 1170.95 petition and is not exhausted. (ECF No. 1 at 5.)[2] It is unclear whether the claims raised on direct appeal to the California Court of Appeal were also raised in a petition for review in the California Supreme Court.

If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has fairly presented his claims to the

---

[1] On the petition form itself, Petitioner writes "See Attached (Exhibit A)" for Grounds One through Three. (ECF No. 1 at 4–5.) Attached to the petition are the various briefs filed in the California Court of Appeal on direct appeal by Petitioner and his co-defendant and the California Court of Appeal's opinion. (Id. at 8–152.)
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether his claims have been fairly presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

In the event that Petitioner has not fairly presented his claims to the California Supreme Court, Petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.").[3] Petitioner may also move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies.[4] Additionally, Petitioner may move to stay and hold in abeyance the petition while he exhausts his claims in state court pursuant. Here, Petitioner has filed motions for stay, which are addressed in section II(B), *infra*.

**B. Motion for Stay**

In the motion for stay, Petitioner indicates that claims regarding the 1170.95 petition, ineffective assistance of counsel, and actual innocence are unexhausted. (ECF No. 7.) Under Rhines v. Weber, 544 U.S. 269 (2005), "stay and abeyance" is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78. Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to

---

[3] The Court notes that "prisoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles," such as the bar against second or successive petitions. Burton v. Stewart, 549 U.S. 147, 154 (2007).

[4] Although the limitation period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly-exhausted claims. 315 F.3d at 1070–71 (citing Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)).[5]

Here, Petitioner does not provide any explanation whatsoever regarding his failure to exhaust. Additionally, it is unclear to the Court whether any of Petitioner's claims are exhausted. Therefore, based on the record before the Court, a stay pursuant either to Rhines or Kelly is not warranted at this time. However, Petitioner may renew his request for a stay and address the legal standards set forth above.

### III.
### ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner SHALL SHOW CAUSE why the petition should not be dismissed for failure to exhaust state court remedies within **THIRTY (30) days** from the date of service of this order.

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **June 12, 2023**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

---

[5] A petitioner's use of Kelly's three-step procedure, however, is subject to the requirement of Mayle v. Felix, 545 U.S. 644, 664 (2005), that any newly exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back, i.e., share a "common core of operative facts," to claims contained in the original petition that were exhausted at the time of filing. King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009).

4