**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACHANCE L. THOMAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>T. ALLEN,<br><br>　　　　Respondent. | Case No. 1:23-cv-00690-EPG-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE, GRANTING PETITIONER'S MOTIONS TO STAY, AND DIRECTING PETITIONER TO FILE AMENDED PETITION DELETING UNEXHAUSTED CLAIMS<br><br>(ECF Nos. 7, 14, 15) |

　　Petitioner Lachance L. Thomas is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition contains both unexhausted and exhausted claims, and Petitioner has moved for a stay while he returns to state court to exhaust the claims that were not raised on direct appeal. As Petitioner has failed to establish good cause for his failure to exhaust, the Court will grant a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002).

**I.**

**BACKGROUND**

　　On December 29, 2022, Petitioner filed a federal habeas petition challenging his 2017 convictions in the Fresno County Superior Court in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) On January 27, 2023, Petitioner filed a first amended petition ("FAP"). (ECF No. 3.) On May 5, 2023, the petition was

1

transferred to the Fresno Division. (ECF No. 11.) Petitioner has moved for stay and abeyance of his petition while his unexhausted claims are pending in state court. (ECF Nos. 7, 14.) On June 12, 2023, the Court ordered Petitioner to show cause why the petition should not be dismissed as unexhausted. (ECF No. 15.) On July 17, 2023, Petitioner filed his response to the order to show cause. (ECF No. 17.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases.

### A. Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). If Petitioner has not sought relief in the California Supreme Court for the claims that she raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

In the FAP, Petitioner appears to raise the same claims that were raised on direct appeal to the California Court of Appeal by Petitioner and his codefendant,[1] which include: sufficiency of the evidence to support the first-degree murder convictions because there was no substantial

---

[1] On the petition form itself, Petitioner writes "See Attached (Exhibit A)" for Grounds One through Three. (ECF No. 3 at 4–5.) Attached to the FAP are the various briefs filed in the California Court of Appeal on direct appeal by Petitioner and his codefendant and the California Court of Appeal's opinion. (Id. at 8–152.)

1  evidence of any intent to kill under a direct or transferred intent theory and there was no
2  substantial evidence of deliberation and premeditation, erroneous admission of Investigator
3  Sherri Hall's testimony about S.L.'s statement to Hall, erroneous admission of a text message
4  conversation between Torrie McGee and an unknown person, erroneous admission of irrelevant
5  testimony,[2] failure to instruct on the lesser-included offense of involuntary manslaughter, and
6  erroneous instruction regarding witness identification. (ECF No. 3 at 56–57, 134–148.) The
7  petition states that Petitioner's fourth ground for relief is regarding his California Penal Code
8  section 1170.95 petition and is not exhausted. (ECF No. 3 at 5.)[3]

        In the petition for review filed by Petitioner in the California Supreme Court,[4] the sole issue raised was whether the evidence was sufficient to support the first-degree murder conviction. (Brown v. Macomber, No. 1:23-cv-00221-ADA-HBK, ECF No. 11-2 at 2399, 2402.) However, Petitioner also "join[ed] in the issues raised and arguments presented or discussed in any petition for review filed by Mr. Brown." (Id. at 2406.) In turn, the petition for review filed by codefendant Brown in the California Supreme Court raised the following issues relevant to Petitioner: failure to instruct on the lesser-included offense of involuntary manslaughter, sufficiency of evidence to prove that killing was with premeditation and deliberation, sufficiency of evidence to prove murder on either intent to kill or transferred intent theories, erroneous instruction regarding witness identification, and erroneous admission of Torrie McGee's testimony about a phone conversation she overheard.[5] (Id. at 2483–84, 2495, 2498, 2506.)

        Based on the foregoing, it appears that Petitioner's claims regarding (1) the erroneous admission of Investigator Hall's testimony about S.L.'s statement to Hall, (2) the erroneous

---

[2] The FAP does not provide any supporting facts or argument with respect to the alleged erroneous admission of irrelevant testimony. The Court notes, however, that on direct appeal to the California Court of Appeal, codefendant Brown asserted that the trial court erroneously admitted McGee's testimony about Brown's phone conversation she overheard. People v. Brown, No. F077143, 2021 WL 4097798, at *23 (Cal. Ct. App. Sept. 9, 2021).
[3] Page numbers refer to the ECF page numbers stamped at the top of the page.
[4] Although Petitioner was not able to provide a copy of the petition filed in the California Supreme Court, (ECF No. 17 at 1), Respondent has filed a notice that the joint direct review record has been lodged in codefendant Brown's federal habeas case, (ECF No. 16.) The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). Accordingly, the Court will review the record lodged in Brown v. Macomber, No. 1:23-cv-00221-ADA-HBK.
[5] Brown also asserted that the trial court erred by telling the jurors they could determine the identity of the shooter solely from Brown's prior statements and raised a cumulative error claim. (Brown, No. 1:23-cv-00221-ADA-HBK, ECF No. 11-2 at 2483–84.)

admission of a text message conversation between McGee and an unknown person, and (3) Petitioner's California Penal Code section 1170.95 petition are not exhausted.

**B. Stay**

Petitioner has moved to stay the petition pending exhaustion of his unexhausted claims. (ECF Nos. 7, 14.) Under Rhines v. Weber, 544 U.S. 269 (2005), "stay and abeyance" is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78. Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly-exhausted claims. 315 F.3d at 1070–71 (citing Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)).

Here, Petitioner does not provide any explanation whatsoever regarding his failure to exhaust. (ECF Nos. 7, 14, 17.) In his response to the order to show cause, Petitioner indicates that he "is willing to withdraw that claim [pertaining to his section 1170.95 petition] and proceed with the exhausted claims, with the opportunity to amend his federal petition once the unexhausted claims are exhausted," (ECF No. 17 at 2), which the Court construes as a request for a Kelly stay.

As Kelly "does not require that a petitioner show good cause for his failure to exhaust state court remedies," King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009), Petitioner may proceed with the Kelly procedure. A petitioner's use of Kelly's three-step procedure, however, is subject to the requirement of Mayle v. Felix, 545 U.S. 644, 664 (2005), that any newly exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back, *i.e.*, share a "common core of operative facts," to claims contained in the original petition that were exhausted at the time of filing. King, 564 F.3d at 1143.

1  "Pursuant to section 636, magistrate judges may hear and determine nondispositive
2  matters, but not dispositive matters, in § 2254 proceedings." Mitchell v. Valenzuela, 791 F.3d
3  1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "[A]
4  motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the
5  unexhausted claims." Mitchell, 791 F.3d at 1171. "To determine whether a motion is dispositive,
6  we have adopted a functional approach that looks to the effect of the motion, in order to
7  determine whether it is properly characterized as dispositive or non-dispositive of a claim or
8  defense of a party." Id. at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam,
9  788 F.3d 1043, 1046 (9th Cir. 2015)). "[A] motion to stay is nondispositive where it '[does] not
10 dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief
11 sought.'" Mitchell, 791 F.3d at 1170 (second and third alterations in original) (quoting S.E.C. v.
12 CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)). Cf. Bastidas v. Chappell, 791
13 F.3d 1155, 1164 (9th Cir. 2015) (analogizing a motion to stay to a motion to amend and noting
14 that while "[i]t should be no surprise that the magistrate judge's decision to *grant* a motion to
15 amend is not generally dispositive; whether the *denial* of a motion to amend is dispositive is a
16 different question entirely," and observing that "the dispositive nature of a magistrate judge's
17 decision on a motion to amend can turn on the outcome").

18  Given that granting a stay here does "not dispose of any claims or defenses and [does] not
19 effectively deny . . . any ultimate relief sought," Mitchell, 791 F.3d at 1170 (internal quotation
20 marks and citation omitted), the undersigned has authority to grant Petitioner's request to stay.

21                                    **III.**
22                                   **ORDER**
23  Accordingly, the Court HEREBY ORDERS that:
24  1. The order to show cause issued on June 12, 2023 (ECF No. 15) is DISCHARGED;
25  2. Petitioner's motions to stay (ECF Nos. 7, 14) are GRANTED; and
26  3. Within **THIRTY (30) days** of the date of service of this order, Petitioner is SHALL file
27     an amended petition for writ of habeas corpus deleting the unexhausted claims.
28     Thereafter, the Court will stay the proceedings pending exhaustion of state remedies.

1   Petitioner is forewarned that failure to follow this order may result in dismissal of the
2 petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or
3 to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:  **August 8, 2023**          /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE