1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

| | |
|---|---|
| LACHANCE L. THOMAS,<br><br>Petitioner,<br><br>v.<br><br>T. ALLEN,<br><br>Respondent. | Case No. 1:23-cv-00690-EPG-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO STAY<br><br>(ECF No. 33) |

16    Petitioner Lachance L. Thomas is a state prisoner proceeding *pro se* with a petition for

17 writ of habeas corpus pursuant to 28 U.S.C. § 2254.

18    On August 8, 2023, the Court granted Petitioner's motion to stay the proceedings

19 pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). (ECF No. 18.) On September 13,

20 2023, Petitioner filed a second amended petition ("SAP") containing only exhausted claims.

21 (ECF No. 19.)

22    On November 8, 2023, the Court stayed the federal habeas proceedings pending

23 exhaustion of state remedies and ordered Petitioner to file an initial status report within thirty

24 days and every ninety days thereafter. (ECF No. 20.) The order forewarned Petitioner that failure

25 to comply with the status report requirement will result in the Court vacating the stay. (Id. at 2.[1])

26    Petitioner filed an initial status report on December 14, 2023, (ECF No. 21), but

27 thereafter failed to timely file subsequent status reports. The Court ordered multiple orders to

28

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1   show cause, to which Petitioner responded and informed the Court of the status of his state court

2   proceedings. (ECF Nos. 22, 23, 25, 26.) Thus, the orders to show cause were discharged. (ECF

3   Nos. 24, 27.)

4          On December 18, 2024, the Court issued an order to show cause why the stay should not

5   be vacated given over ninety days passed without a subsequent status report. (ECF No. 28.) As

6   no response was filed, on February 24, 2025, the Court vacated the stay and ordered Respondent

7   to file a response to the SAP. (ECF No. 29.)

8          On March 28, 2025, Petitioner filed the instant motion to stay wherein he requests the

9   Court to keep the stay in effect because unexhausted claims are still pending in the state courts.

10  (ECF No. 33.) On April 10, 2025, Respondent filed an opposition to the motion, arguing that "a

11  stay would be pointless" because "Petitioner's state court effort is devoted solely to a claim of

12  statutory entitlement to resentencing" and "he 'could never bring a pure statutory-error claim in

13  federal habeas.'" (Id. at 2 (quoting Jones v. Hendrix, 599 U.S. 465, 490 (2023)).

14         In support of his assertion that unexhausted claims are still pending in the state courts,

15  Petitioner attached a letter from the California Court of Appeal, Fifth Appellate District

16  regarding Case No. F088914/Fresno County Superior Court No. F15904751. (ECF No. 33 at 2.)

17  The letter states that the opening brief was due on February 10, 2025, but that briefing is stayed

18  pending appointment of counsel. (Id.) Respondent has filed a copy of the 2024 petition for

19  resentencing pursuant to California Penal Code section 1172.6 filed by Petitioner in the Fresno

20  County Superior Court No. F15904751. (ECF No. 34-3 at 392.) That petition was denied on

21  October 21, 2024. (Id. at 398.) On November 4, 2024, Petitioner filed a notice of appeal. (Id. at

22  400.) According to the docket sheet of California Court of Appeal, Fifth Appellate District Case

23  No. F088914, Petitioner is appealing the October 21, 2024 denial of his petition for resentencing.

24  (Id. at 436.)

25         Whether Petitioner is entitled to resentencing pursuant to California Penal Code section

26  1172.6 is an issue of state law that is not cognizable in federal habeas corpus. See Wilson v.

27  Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with federal law that

28  renders a State's criminal judgment susceptible to collateral attack in the federal courts.");

1   Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas

2   corpus relief does not lie for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780

3   (1990))). Accordingly, the Court agrees with Respondent that a stay is not warranted here

4   because the unexhausted claim Petitioner is pursuing in state court is not cognizable in federal

5   habeas.

6         Based on the foregoing, the Court HEREBY ORDERS that:

7   1.  Petitioner's motion to stay (ECF No. 35) is DENIED; and

8   2.  Within thirty (30) days of the date of service of this order, Petitioner may file a traverse.

9

10  IT IS SO ORDERED.

11     Dated:    **May 30, 2025**                   /s/ Erica P. Grosjean

12                                            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28